IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JESSICA ELLIOTT, INDIVIDUALLY & O/B/O L.T.T., A.J.T., & C.M.E. (MINORS), | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:22-cv-00135-O-BP |
| VINCENT TUCKER, *et al.*, | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

By Order dated May 31, 2022, the Court directed Plaintiff to ensure that all defendants in this matter were effectively served with process by June 21, 2022. ECF No. 6. The record reflects that a summons was issued and executed as to Carshunn Tucker. ECF Nos. 8, 10. But the record indicates that Carshunn Tucker's mother "willingly accepted" the summons at Carshunn Tucker's residence. *Id.* It is not clear whether Carshunn Tucker's mother resides at the same address as Carshunn, thereby calling into question whether this service of process was perfected properly.

Accordingly, on October 24, 2022, the Court ordered Plaintiff to provide proof of perfected service upon Defendant Carshunn Tucker on or before November 28, 2022. ECF No. 32. If Plaintiff could not provide proof, the Court ordered Plaintiff to effectuate proper service by that same date. *Id.* The Court cautioned Plaintiff that failure to effectuate such service by that date may result in a recommendation that Plaintiff's claims against Defendant Carshunn Tucker be dismissed under Federal Rule of Civil Procedure 4(m). *Id.* To date, Plaintiff has neither provided proof of prior proper service on Carshunn Tucker nor effectuated proper service on Carshunn Tucker.

Rule 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person

who makes service." Fed. R. Civ. P. 4(c)(1). After effecting service, the plaintiff must file proof of service with the court. *Id.* 4(l)(1). If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff shows both (1) good cause for her failure to timely and properly effect service and (2) good cause for the court to extend the time for service for an appropriate period. *Id.* 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017). "A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m)." *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)). But "[a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for h[er] failure to effect service in compliance with the rules." *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)).

Elliott did not serve process on Defendant Carshunn Tucker in a timely fashion under Federal Rule of Civil Procedure 4. Nor did she show cause by November 28, 2022 why her case against that defendant should not be dismissed for failing to serve process as ordered. Accordingly, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS without prejudice** Elliott's claims against Defendant Carshunn Tucker under Fed. R. Civ. P. 4(m) for failure to timely serve process.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file

specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on December 14, 2022.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE